### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EDDIE SCOTT, #270-351 | : |
| Petitioner | : |
| v. | : Civil Action No. DKC-06-888 |
| J. MICHAEL STOUFFER, WARDEN | : |
| Respondent | ..o0o.. |

### MEMORANDUM

This matter is before the court on Petitioner Eddie Scott's pro se application for a writ of habeas corpus under 28 U.S.C. §2254. Petitioner challenges his convictions in the Circuit Court for Baltimore County for robbery with a dangerous weapon and related offenses. Counsel for Respondent, has filed an answer and exhibits seeking dismissal of the petition as time-barred. Paper No. 4. Petitioner has filed a reply in opposition.[1] Paper No. 7.

Upon review of the papers, the court finds no need for an evidentiary hearing. *See* 28 U.S.C. Section 2254(e)(2)*;* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts*.* The court finds the Petition is time-barred under 28 U.S.C. §2244(d)(1) and will dismiss it by separate order.

**I. Procedural History**

On September 17, 1997, a jury sitting in the Circuit Court for Baltimore County found Petitioner guilty of three counts of robbery with a dangerous and deadly weapon, three counts of robbery, three counts of first degree assault, three counts of theft over $300, one count of conspiracy

---

[1] Petitioner also filed a Demand of Default Judgment alleging that Respondent delayed filing an Answer. Paper No. 6. Respondent filed their Answer within the sixty-day period provided in the court's Show Cause Order of April 7, 2006. The court notes that Petitioner asked to withdraw his demand for default judgment in the body of his reply to Respondent's opposition. Paper No. 7 at 10. The demand for default judgment shall be denied.

to commit robbery with a dangerous and deadly weapon, conspiracy to commit armed robbery, accessory before the fact to robbery with a dangerous and deadly weapon, accessory before the fact to robbery, and one count of use of a handgun in the commission of a crime of violence. Paper No. 4, Ex. 1 at 5, 10-15.    On December 11, 1997, the Circuit Court for Baltimore County sentenced Petitioner to three concurrent terms of twenty-five years in prison without the possibility of parole on the three counts of robbery with a dangerous and deadly weapon, a concurrent five-year prison term without the possibility of parole for use of a handgun in the commission of a crime of violence, and three concurrent eighteen-month terms for theft over $300.00.  *Id*. at 5-6, 10-15.

By unreported opinion filed on September 29, 1998, the Court of Special Appeals of Maryland vacated Petitioner's sentence for felony theft and affirmed the remaining convictions. The mandate issued on October 29, 1998. On December 23, 1998, the Court of Appeals of Maryland declined certiorari review. *Id* Ex. 2. Petitioner did not file for review before the United States Supreme Court.

On December 31, 2001, Petitioner commenced post conviction proceedings in the Circuit Court for Baltimore County.  The post conviction court conducted a  hearing on April 16, 2002. *Id* Ex. 1 at 7.  By order entered on May 3, 2002, the Circuit Court denied post conviction relief. *Id*.

 On May 15, 2002, Petitioner sought to appeal the denial of his post conviction petition by filing in the Court of Special Appeals of Maryland.  The Court of Special Appeals construed his pleading as a an application for leave to appeal and instructed him to file a Supplemental Application for Leave to Appeal. *Id* Exhibit 3.  Petitioner failed to file the Supplemental Application for Leave to Appeal, and the Court of Special Appeals dismissed his Application for Leave to Appeal on September 4, 2002.  The mandate issued on October 7, 2002.  *See id.*

On January 4, 2005, Petitioner filed to reopen post conviction proceedings. *Id* Ex. 1 at 8.  On February 8, 2005, the Circuit Court for Baltimore County denied the motion to reopen. *See Id.*

Petitioner filed an application for leave to appeal the ruling in the Court of Special Appeals. By unreported opinion filed on December 13, 2005, the Court of Special Appeals summarily denied the application for leave to appeal, and the mandate issued on January 17, 2006. *Id;* Ex. 4. Petitioner filed the instant petition for federal habeas relief on April 3, 2006.[2]

## II. Statute of Limitations

A one-year statute of limitations applies to federal habeas petitions challenging non-capital state convictions. *See* 28 U.S.C. § 2244(d). [3] This one-year period is tolled while properly filed post

---

[2] The Petition is dated April 3, 2006. The court will deem it filed on that date. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule).

[3] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State

(continued...)

conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

**III. Analysis**

Petitioner's convictions became final upon "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244 (1)(A). As noted above, on December 23, 1998, the Court of Appeals of Maryland declined certiorari review of the decision rendered by the Court of Special Appeals. Petitioner did not file for writ of certiorari in the United States Supreme Court. Accordingly, the convictions became final for the purposes of 28 U.S.C. § 2244, ninety days later on March 23, 1999, when the time for filing for a writ of certiorari to the Supreme Court expired. *See* Sup. Ct. Rule 13.1 (providing that a petition for certiorari from a lower state court judgment that is subject to discretionary review by the state court of last resort is timely when filed within ninety days after discretionary review is denied). Thus, one-year limitations period under 28 U.S.C. §2244(d) started to run on March 24, 1999.

Petitioner did not have any state post conviction proceedings pending to toll the limitations period between: March 24, 1999 and December 31, 2001 (33 months); October 7, 2002 and January 4, 2005 (26 months); and January 17, 2006 and April 3, 2006 (2 months). These periods combined far exceed one year. Consequently, the instant Petition was filed outside the one-year limitations period and is untimely.

**IV. Equitable Tolling**

---

(...continued)
        post-conviction or other collateral review with respect to the pertinent
        judgment or claim is pending shall not be counted toward any period
        of limitation under this subsection.

In order to be entitled to equitable tolling, a petitioner must establish that either some wrongful conduct by a respondent contributed to the delay in filing or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339 F.3d 238, 246 ( 4th Cir. 2003); *Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstance stood in his way to prevent him from filing a timely petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rouse*, 339 F.3d at 246.

Petitioner's reply to the opposition suggests that he may not have understood how the date on which judgment became final and the one-year period of limitations starts are calculated under 28 U.S.C. §2244(d)(1).  This, however, does not amount to an extraordinary circumstance warranting equitable tolling. *See Harris*, 209 F.3d at 330 (citing *Barrow v. New Orleans S.S. Ass'n*, 51 F.3d 254, 257 (Fed Cir. 1995) (refusing to apply equitable tolling where the delay in filing was result of plaintiff's unfamiliarity with the legal process)). When Petitioner filed his motion to reopen post conviction proceedings on January 4, 2005, the one-year period of limitations applicable to §2254 motions had long elapsed.  Contrary to Petitioner's assertions,  filing his ultimately unsuccessful 2005 motion to reopen did not serve to revive the already-expired period of limitations. Similarly, when the Court of Special Appeals issued the mandate in its denial of Petitioner's application for leave to appeal on January 17, 2006,  the period of limitations did not restart.

Further, Petitioner's general claim of ineffective assistance by his appellate and post conviction counsel does not provide a basis for equitable tolling. Petitioner argues that counsel failed to advise him of the one-year limitation for filing for §2254 motions for collateral relief. Petitioner neither alleges nor suggests how counsels' purported deficient assistance was the result of wrongful conduct by Respondent.  The Circuit has held that neither attorney error nor ineffective assistance

5

of counsel constitutes an extraordinary circumstance which justifies a court's invocation of equitable tolling. *See Rouse*, 339 F.3d at 248-49. Having carefully considered both proffered bases, the court determines that neither amounts to an extraordinary circumstance justifying equitable tolling.

## V. Conclusion

For these reasons, the Petition is time-barred under 28 U.S.C. §2244(d) and will be dismissed by separate order.

| | |
|---|---|
|   7/21/06   <br>Date |   /s/   <br>DEBORAH K. CHASANOW <br>United States District Judge |